Huitín, Chief-Justice.'
 

 It is somewhat surprising, that the researches of the bar and of the court, have been ineffectual for a case in point, upon the question in this cause. It may perhaps be accounted for from the circumstance, that in England almost all administrations are settled either in the spiritual courts, or upon a creditor’s bill in chancery. If tho creditor uses such accounts at law upon an issue on
 
 plene administravii,
 
 he must take them as they are, and
 
 cannot charge
 
 the executor thereby, without also discharging him. In those courts the executor is regarded as a trustee, and if he conducts himself fairly, is entitled to bis costs in the suits there, and also all those incurred
 
 bonafide
 
 in other courts,in the course of administration, as just allowances to him in the execution of the trust, by which as he cannot be gainer, he shall not he made loser. This is the general doctrine.
 
 (William’s
 
 Exor’s. 1252-3.) It is clear that all
 
 *578
 
 such charges, properly incurred, aro good against the estafe, as against the legatees and next of kin, who arc more strictly
 
 cestuis que trust,
 
 than creditors of the executor- But if the costs have been unnecessarily in* enrred, as if the executor suffer himself to bo sued for a debt, when lie has assets to pay it, or sue for a demand which he knows, or had the means of knowing, never existed, or had been satisfied, he is not only bound where the law subjects him to the costs, to pay them as between himself and the party to the suit in which they arose, but must pay them out of bis own pocket, as against the estate. In general tiio common law does not give costs against an executor, but upon the idea that lie is personally in default, ami ought to pay them at all events
 
 de bonis propriis,
 
 if he has not assets under his own control witli which to defray them. If he has assets lie is considered, in respect of them, the debtor. Yet that is not the principle which governs the settlement between him and those to whom lie is accountable in equity. There the estate is considered, in the first instance, the debtor, and the executor only when be acts wrongfully. Hence although at law, costs are not given to a defendant in a suit in which an executor is plaintiff, and the cause of action arose in the testator’s time, although the plaintiff fail, yet the executor is entitled to charge bis own costs against the estate, as against the legatee, and for that reason the latter is not a competent witness for the executor, by releasing his interest in that debt, without releasing his interest in the whole residuum.
 
 (Baker
 
 v.
 
 Tyrwhitt,
 
 4
 
 Camp. 27.)
 

 The idea on which his Honor went, and which has weighed much with this court, is that the suit in which the costs were incurred, was for a trover of the defendant’s own, and that it was a personal wrong, in which the intestate’s estate was not concerned. It is in strictness so at law, and conclusively so as between the parties in that action. It is presumptively so in every other court, and as between all parties, until the executor makes it appear that' his defence was upon his right in jiis representativo capacity, for the benefit of the estate, and upon a fair case. The question is, whether those
 
 *579
 
 ^ac^s can be-acted on at law, upon the plea of
 
 plene ad-ministrclvit,
 
 to the suit of a creditor. We see an inconvenience in it, as for the want of a competent Ordinary to adjust, the charges, the trials before a jury may be. much perplexed by such questions, and ourstatutes only give authority to the County Courts to fix the commissions, and not settle the account so as to shew the balance. B.ut we see a greater inconvenience — positive injustice to the executor, in rejecting them altogether.— We assume here.that the defendant could have proved what he offered to prove, that the corn was in possession of the intestate at his death — that he supposed he owned it, and that he sold and delivered it as administrator — that he had good reason for his be. lief, and proceeded under advice of counsel. This is a case of perfect
 
 bona Jides,
 
 which Lord
 
 Ellenborough
 
 said, in
 
 Baker
 
 v.
 
 Tyrwhitt,
 
 was the ground of the liability of the residuary legatee to the executor, when plaintiff for his own costs. We think this defendant would have a right to charge his costs in that action to the estate as against the legatees. Why should he not against a creditor ? In our law, an executor as well as administrator's a representative in trust, and not for his own benefit. Although at law he is not regarded so in every case, yet he is in respect of the administration of the assets. The acts of 1789 and' 1799 authorize all necessary charges and disbursements, and provide that they, and the commissions allowed, shall be deemed proper charges against the assets, and may be retained as well against any creditor of the deceased, as against a person claiming as legatee, or as being entitled to a distributive share. To us it seems that whatever claims, tlie executor has. against the estate, he may, by these statutes, assert as against any person who is prosecuting him for a demand on, or for the estate, and in the court in. which he is thus prosecuted. His right, as in othqv cases, will depend upon the disbursement being necessary and proper. We know that, executors. are. constantly allowcil upon a question of fully administered their own covsts in actions brought by them, as exc-
 
 *580
 
 cutors, and in which they failed. The failure establishes that the demand was no pact of the testator’s estate, and therefore that the executor went beyond his duty in suing for it. In England certainly, he can claim such costs from the legatees. In our law he always claims and retains them as against creditors. — > The cases seem to us analogous, and indeed to be the same in principle: which is that the executor acted honestly on the occasion, and upon his trust. The only difference is, that if the testator left evidence of a debt* it. raises a presumption that the executor believed the debt due, and that it was a part of .the estate, and the form of the action shows that he acted only for the benefit of the estate. That presumption the legatees may repel. In the present case the record raised a contrary presumption, that the wrong was the defendant’s own, and upon his own title, or claim of title. ' We think he may repel that presumption, especially as it has. been held that the plaintiff in the former action might have declared against him in his representative capacity.
 
 .(Mobley
 
 v.
 
 Runnells, ante
 
 3
 
 vol.
 
 p.303.) His right to re-imbursc himself the costs, cannot depend on the caprice of the plaintiff in that action as to its form. Upon the whole, it is the opinion of the court that the evidence ought to have been received, and that the judgment might be reversed, and the cause remanded for a
 
 venire de novo.
 

 Per Curiam. — Judgment reversed.